OPINION OF THE COURT
Robert F. Dolan, J.
facts
Petitioner and respondent entered into a written lease for premises located at 489 Lakeview Avenue, Rockville Centre, New York, for a period of two years at a monthly rental of $1,800 for the first year and $2,000 for the second year. The term of the lease is to commence on October 9, 1989, and end *451 on the 30th day of September 1991, The premises are located in a residence B zone.
The premises are to be used for a body and fender shop and the petitioner landlord represented in the lease that the premises can be used for that purpose "pursuant to the Certificate of Occupancy”.
It is uncontested that the payment of the rent check for January 1990 was stopped by respondent and that February rent has not been paid. The petitioner is also seeking reimbursement for insurance for the premises, late fees and attorney’s fees, for a total of $4,841.
Respondent contends that in order to obtain a permit from the State of New York to operate a body and fender shop it must submit as part of its application a certificate of occupancy. In attempting to obtain a copy of the certificate of occupancy from the Town of Hempstead it learned that no certificate has ever been issued.
Petitioner claims that the premises were constructed prior to the adoption of the Building Code in the Town of Hemp-stead and that the premises are a nonconforming use. It is not contested that no certificate of occupancy was ever issued for these premises.
Petitioner further contends that to her knowledge the premises have always been used for a body and fender shop and no violations have ever been issued by the town nor has the town ever commenced any action to enjoin the use of the premises as a body and fender shop.
Petitioner admits that the use of the phrase "Certificate of Occupancy” in the lease is an error but agrees to assist respondent in obtaining from the town whatever documents are necessary to satisfy the State of New York in obtaining a license for a body and fender shop.
ISSUE
The issue in this case is whether there has been a failure of consideration in the use of the premises because of the representation in the lease that the premises can be used for the leased purpose "pursuant to the Certificate of Occupancy”, when in fact no certificate of occupancy has been issued.
OPINION
Where the use of the demised premises is not in conformity *452 with the zoning regulations it is not necessarily illegal where the Board of Zoning and Appeals is given authority to permit variances under certain conditions (Verschell v Pike, 85 AD2d 690 [2d Dept 1981]), and continuance of a prior nonconforming use is sanctioned (Elk Realty Co. v Yardney Elec. Corp., 153 NYS2d 730 [App Term, 1st Dept 1956]).
In order for a respondent to prevail on the basis of failure of consideration the use of the premises must be illegal and the burden of obtaining a variance must be on the landlord (Hartsin Constr. Corp. v Millhauser, 136 Misc 646 [App Term, 1st Dept 1930]). The facts of Hartsin are more fully set forth in Ober v Metropolitan Life Ins. Co. (157 Misc 869 [City Ct, Bronx County 1935]).
Since the evidence presented is that the subject premises constitute a nonconforming use and therefore the use of the premises is not illegal under zoning regulations and at the time of the lease neither party contemplated the necessity of a variance it would seem that there was no failure of consideration and petitioner must prevail.
However, since the landlord represented that the certificate of occupancy had been issued for the intended use and the certificate of occupancy is necessary in order to obtain a permit from the State of New York, and no certificate of occupancy has been issued, there has been a failure of consideration.
In stating that there is a certificate of occupancy the landlord has misstated a material fact since the premises cannot be legally used for the stated purpose without a permit from the State of New York which cannot be obtained without the certificate of occupancy.
Applying prior case law it would appear that there is no failure of consideration. However, prior case law did not deal with the regulatory requirements of governmental agencies and their limitations on private industry. In this day and age of governmental regulation of private enterprise, we are not only dealing with land use regulations in the leasing of real property. Although the intended use in this case may not violate land use regulations, without a permit from the State of New York the use would violate other regulatory requirements.
*453 To operate this business without the required State permits would constitute an illegal use.
DECISION
Accordingly, judgment is rendered in favor of respondent dismissing the petition herein, with costs.